In re SMITH CORONA CORPORATION, SCM Office Supplies, Inc., SCC LI Corp., Hulse Manufacturing Company, Smith Corona Overseas Holdings, Inc., SCM (United Kingdom) Limited, and SCM Inter–American Corporation.

Bankruptcy No. 95–788(HSB).

United States Bankruptcy Court,
D. Delaware.

Aug. 26, 1997.

John D. Demmy, Morris, James, Hitchens & Williams, Wilmington, DE, Matthew E. Roy, Oppenheimer Wolff & Donnelly, Minneapolis, MN. for Prudential.

Joel A. Waite, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Daniel A. Lowenthal, III, Winthrop, Stimson, Putnam & Roberts, New York City, for debtors.

HELEN S. BALICK, Chief Judge.

On June 17, 1997 this court filed a Letter Opinion and Order on the objection of Smith Corona Corporation to the claim of the Prudential Insurance Company of America. The Opinion granted Prudential an allowed administrative claim of $798,869.00. Docket no. 1703. Prudential filed a motion for amended findings pursuant to Bankruptcy Rule 7052. Docket no. 1719. This is the court's decision on Prudential's motion, which is a core matter. 28 U.S.C. § 157(b)(2)(B).

### I. *Jurisdiction*

■ On June 24, 1997, Smith Corona filed a notice of appeal from this court's decision. Prudential's motion was filed three days later, on June 27. Prudential asserts, and Smith Corona does not deny, that this court retains jurisdiction to hear Prudential's motion for amended findings. Nonetheless, subject matter jurisdiction is not something that the parties can "agree" to—this court must independently determine that it indeed has such jurisdiction. *See, e.g., Sosna v. Iowa,* 419 U.S. 393, 398, 95 S.Ct. 553, 556–57, 42 L.Ed.2d 532 (1975).

■ Federal Rule of Bankruptcy Procedure 8002(b) states:

A notice of appeal filed after . . . entry of the . . . order . . ., but before the disposition of any of the above motions [including a motion to amend findings] is ineffective to appeal from the judgment, order, or decree or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

Thus, the notice of appeal did not divest this court of jurisdiction to hear Prudential's motion for amended findings. *Accord* Fed. R. Bankr.P.8002(b), Advisory Committee Note (1994).

### II. *Legal Standard*

Prudential's motion is brought pursuant to Federal Rule of Civil Procedure 52(b) and Federal Rule of Bankruptcy Procedure 7052. The latter rule incorporates the former rule, which in relevant part states:

(b) **Amendment.** On a party's motion . . ., the court may amend its findings—or make additional findings—and may amend the judgment accordingly.

The parties have squabbled about when the court may amend findings pursuant to this Rule.

■ The purpose of a motion pursuant to Rule 52(b) is to correct findings of fact and legal conclusions where the trial court deems it appropriate. *United States Gypsum Co. v. Schiavo Bros. Inc.,* 668 F.2d 172. 180 n. 9 (3d Cir.1981), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982). One circumstance where amendment is appropriate is to amplify findings that enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court. 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 at 555, 557 n. 5 (1995). *See also In re Bernstein,* 1996 WL 183375, at 8 (Bankr. E.D.Pa.1996). As Smith Corona points out, any additional findings must be supported by the existing record. 668 F.2d at 180.

■ Prudential wishes this court to clarify certain findings because:

Prudential believes that two factual statements made in the letter opinion could be misconstrued or misapplied by the appellate court unless such factual statements are clarified. Therefore, Prudential believes that the Court should clarify its findings, so that such findings will not result in any confusion or prejudice on appeal, and will accurately reflect the record before the Court.

Docket no. 1720 at 2. Thus, the stated purpose of this motion is within the scope of Rule 52(b). If the requested amendments are supported by the record, regardless of whether they are corrections or amplifications, the findings will be so amended. Such amendments may result in narrowing the scope of arguments on appeal, which is certainly in the interests of justice.

### III. *Discussion*

#### A. *Entitlement to the Dividend*

The Opinion states:

In later filed memoranda and at oral argument, however, Prudential acknowledged

that Smith Corona was entitled to a dividend under the contract for the year ending September 1995 and that the dividend amount should be subtracted from Prudential's claim for premiums and interest. Prudential believes that Smith Corona is entitled to a dividend of $465,458.00 for the 1995 contract year, and thus Prudential seeks a cash payment of $798,869.00, and not the $1,264,327.00 amount.

Docket no. 1703 at 2–3 (footnote omitted). Prudential wants the court to clarify that Prudential acknowledged Smith Corona is entitled to a dividend only in the event that all premium amounts are paid by Smith Corona in full. Prudential is correct. That was the court's intent in making the quoted statement. Prudential acknowledged that in the event all premiums are paid in full, Smith Corona is entitled to a dividend of $465,-458.00 for the 1995 contract year.

B. *Calculation of the Dividend*

The Opinion states:

For the policy year 1995, without consideration of deficits, Prudential determined Smith Corona's dividend to be $845,407.00. However, there was a deficit of $379,949.00 allocable to group insurance contract no. GW–21671 as of the October 1, 1994 anniversary date. Prudential subtracted this amount from the dividend credit, to arrive at a dividend credit of $465,458.00.

Docket no. 1703 at 6 (citation omitted). Prudential maintains that it never determined the dividend to be $845,407.00, but that rather it determined the dividend to be $465,-458.00. Prudential is correct. For the policy year 1995, Prudential determined Smith Corona's dividend to be $465,458.00. Prudential did acknowledge that as a mathematical matter, if the deficit amount were backed out of the dividend formula, the resulting number would be $845,407.00.

Smith Corona's opposition to the requested amendments are without merit. The court's findings are amended as stated in this Letter Opinion.

IT IS SO ORDERED.